JS - 6      **LINK: 4**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-03031 GAF (FFMx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | Metro Patterson v. Federal National Mortgage Association et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**       **(In Chambers)**

### ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION

Plaintiff Metro Patterson brings this action against Defendants Federal National Mortgage Association ("Fannie Mae"), One West Bank, F.S.B. ("One West"), IndyMac Bank, F.S.B. ("IndyMac"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), alleging that, despite consistent efforts to cure a series of defaults on his mortgage, his home was illegally foreclosed upon and then sold. (Docket No. 1, Not., Ex. A [Compl.].) Defendants now move to dismiss the complaint in its entirety. (Docket No. 4.) For the reasons set forth below, the Court **GRANTS** the motions to dismiss, **DISMISSES** Plaintiffs' federal claim **with prejudice**, and **REMANDS** the state law claims to Los Angeles County Superior Court.

### II.
### BACKGROUND

Patterson is the former owner of real property located at 13033 Stanford Avenue, in Los Angeles, California, 90059 (the "Property"). (Id. ¶ 1.) Patterson alleges that he re-financed the Property on February 20, 2007 with Sea Breeze Financial. (Id. ¶ 15.)[1] According to the

---

[1] The Deed of Trust, however, attached as an exhibit to Defendants' motion to dismiss, shows that the loan documents were signed on February 7, 2007. (Docket No. 4, Defendants' Request for Judicial Notice ("RJN"), Ex. 1 [Deed of Trust] at 3.) The Court takes judicial notice of the Deed of Trust because it is a publicly

JS - 6     LINK: 4

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03031 GAF (FFMx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | Metro Patterson v. Federal National Mortgage Association et al. | | |

complaint, Defendant IndyMac received an assignment of Patterson's loan in or around March 2009.  (Id.)

In July 2010, Patterson fell behind on his mortgage payments.  (Id. ¶ 16.)  Patterson alleges that he "made arrangements with IndyMac to cure the default by [making] a payment and a half [each month]", and that after making six such payments, he had "brought his mortgage account current."  (Id. ¶ 18.)  However, unbeknownst to him, IndyMac, through its trustee, recorded a Notice of Default on the Property on October 27, 2010.  (Id. ¶¶ 17, 19.)

In or around June 2011, Patterson again fell behind on his mortgage payments.  (Id. ¶ 20.)  On August 11, 2011, IndyMac, "through Trustee Corp.", recorded a Notice of Trustee Sale.  (Id. ¶ 21.)  On September 2, 2011, Patterson contacted IndyMac and requested a reinstatement and "made arrangements to bring the loan current."  (Id. ¶ 23.)  Four days later, Patterson received a Reinstatement Demand from Trustee Corp.; he alleges that he subsequently paid the reinstatement amount in full.  (Id. ¶ 26.)

Patterson subsequently failed to make his October and November 2011 payments, and claims that, when he contacted IndyMac on November 1, 2011, the lender refused to accept payment.  (Id. ¶¶ 27,28.)  Patterson alleges that on December 15, 2011, the Property was sold at foreclosure sale; the Trustee's Deed of Sale shows that the property was in fact sold on November 15, 2011.  (Id. ¶ 29; RJN, Ex. 1 [Trustee's Deed Upon Sale] at 5.)  Patterson claims that the Property was sold without adequate notice, despite his ongoing and consistent efforts to bring his account current.  (Id. ¶¶ 28-29)

On the basis of these facts, Patterson brings causes of action for [1] wrongful foreclosure; [2] breach of written contract; [3] specific performance; [4] promissory estoppel; [5] quiet title; [6] violation of California Business and Professions Code section 17200 et seq.; [7] declaratory relief; [8] injunctive relief; [9] violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.; [10] violation of California Civil Code section 2923.5; [11] negligent misrepresentation; [12] fraud; [13] rescission; [14] cancellation of instrument; [15] declaratory relief; and [16] injunctive relief.  (Id. ¶¶ 30–155.)

**III.**

recorded document.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (stating that "under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'") (quotation omitted); see also Brown v. Bank of America, N.A., No. CIV S–10–1758, 2011 WL 1253844, at *3 (E.D. Cal. Mar. 31, 2011).

JS - 6   LINK: 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-03031 GAF (FFMx) | Date | May 30, 2012 |
|----------|------------------------|------|--------------|
| Title | Metro Patterson v. Federal National Mortgage Association et al. | | |

### DISCUSSION

#### A. LEGAL STANDARDS UNDER RULE 12(B)(6)

A complaint may be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint and must construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." SmileCare Dental Group v. Delta Dental Plan of Calif., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

Although a complaint generally need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotation marks omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

JS - 6    LINK: 4

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-03031 GAF (FFMx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | Metro Patterson v. Federal National Mortgage Association et al. | | |

## B. TILA CLAIMS

Plaintiff failed to oppose Defendants' motion, which may be deemed consent to the granting of the motion. See C.D. Cal. L. R. 7-9, 7-12. Nonetheless, in the interest of creating a complete record, the Court has considered the merits of the arguments in Defendants' moving papers.

The Court concludes, on the basis of the facts alleged in the complaint, that Plaintiff's federal claims are time-barred. Plaintiff alleges that the relevant loan transaction was consummated on February 20, 2007, nearly five years before he filed this suit on January 12, 2012. (Compl. ¶ 15.) The loan documentation reveals that the transaction was in fact consummated on February 7, which only lengthens the time period between the loan signing and the initiation of this suit. (Deed of Trust at 3.) The relevant authorities are clear that the allegations contained in the complaint are insufficient to bring the Plaintiff's claims within the relevant statutes of limitations, and that the equitable tolling doctrine should not be applied.

Plaintiff's ninth and thirteenth causes of action assert violations of TILA and TILA's implementation of "Regulation Z," respectively, and seek rescission and damages. (Compl. ¶¶ 134, 136, 138). A claim for rescission under TILA is subject to a three-year statute of limitations. See 15 U.S.C. § 1640(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property . . . .") Regulation Z also states that "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation." 12 C.F.R. § 226.23(a)(3). Further, a TILA claim seeking damages is subject to a one-year statute of limitations. See 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . .") That limitations period begins to run "on the date of consummation of the transaction." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). Accordingly, as nearly five years have passed between Plaintiff's signing of the loan and the initiation of this suit, the Court concludes that Plaintiff's claims for rescission and damages are each barred by the applicable statute of limitations.

The Ninth Circuit has "held that equitable tolling of claims for damages under TILA may be appropriate 'in certain circumstances,' and can operate to 'suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action.'" Linares v. First Mortg. Corp., 2012 WL 386714, at *3 (C.D. Cal. Feb. 6, 2012) (citing King, 784 F.2d 910, 914–15 (9th Cir. 1986)). However, district courts in this jurisdiction have repeatedly held that equitable tolling is inappropriate when a

JS - 6    LINK: 4

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-03031 GAF (FFMx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | Metro Patterson v. Federal National Mortgage Association et al. | | |

plaintiff fails to plead any facts suggesting that "they could not have discovered the alleged violations by exercising due diligence."  Id.  See also Akhavein v. Argent Mortg. Co., 2009 WL 2157522, *3 (N.D. Cal. Jul. 18, 2009) ("Plaintiffs were in full possession of all the loan documents on September 23, 2005, and do not provide any facts suggesting they could not have discovered alleged TILA violations through due diligence and reasonable examinations of the loan documents."); Suguri v. Wells Fargo Bank, N.A., 2009 WL 2486546, *3 (C.D. Cal. Aug. 7, 2009) ("Plaintiff alleges that TILA was violated, in part, because the various lender defendants did not make a full accounting, did not disclose the ownership of the loans, failed to explain why there is a difference between the APR and the interest rate on the note, failed to disclose brokerage fee and provided loan documents in English only. There are no factual allegations to suggest that Defendants' actions prevented Plaintiff from discovering the claimed violation(s) within the statutory period.")  In his complaint, Plaintiff does not plead any facts demonstrating that he was not aware or could not have been aware of the TILA violations within the statutory period.  Accordingly, the Court cannot conclude that Plaintiff is entitled to equitable tolling of either statute of limitations.[2]

Because Plaintiff has not alleged any facts that would bring these claims within the relevant statutes of limitations or support the application of the equitable tolling doctrine, and because the Court can discern no basis on which he could plausibly do so, the Court **DISMISSES** the ninth and thirteenth causes of action **with prejudice**.

### C.  STATE LAW CAUSES OF ACTION

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over state claims if it has dismissed all claims over which it has original jurisdiction.  Because Plaintiffs have failed to state a plausible federal claim for relief, and because the sole basis for federal jurisdiction in this case is the existence of a federal question, the Court declines to reach the state law claims.

### IV.
### CONCLUSION

---

[2] Plaintiff's twelfth and fifteenth causes of action for fraud and declaratory relief refer at times to another federal law, the Real Estate Settlement Procedures Act (RESPA).  (Compl. ¶¶ 124, 149.) However, the mere mentioning of a federal law within a state law cause of action does not create a federal claim.  See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313 (2005) ("[A] suit does not so arise [under federal law] unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law. . . .") (citing Shulthis v. McDougal, 225 U.S. 561, 569 (1912)).

JS - 6    **LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03031 GAF (FFMx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | Metro Patterson v. Federal National Mortgage Association et al. | | |

      For the foregoing reasons, the Court concludes that Plaintiff has failed to state a plausible federal claim for relief.  Plaintiff's ninth and thirteenth claims, for rescission and damages under TILA, are **DISMISSED with prejudice.**  The Court hereby **REMANDS** the state law claims to Los Angeles Count Superior Court.  The hearing on this motion presently scheduled for Monday, June 4, 2012, at 9:30 a.m. is **VACATED**.